Judgment reversed and, proceeding now to enter the judgment which should have been entered in the court of common pleas, it is ordered that final judgment be entered dismissing the appeal of Claude F. Barnes to the court of common pleas.

Judgment reversed and appeal to court of common pleas dismissed.

Williams and Lloyd, JJ., concur.

## HATCH et v NEWARK TELEPHONE CO et

Ohio Appeals, 2nd Dist, Franklin Co
No 1767.   Decided Jan 31, 1930

Hedges, Hoover & Tingley, Columbus, for Hatch et.

Wilson & Rector, Columbus, for Telephone Co et.

Judges FUNK, PARDEE and WASHBURN (9th Dist) sitting.

## CLEVELAND RY CO v KARMASIN

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10210.   Decided Feb. 3, 1930

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

J. J. Tetlow, Cleveland, Anderson & Lamb, Cleveland and Youngstown for Karmasin.

LEVINE, J.

We are not going to devote much time to a discussion of it for the reason that counsel for defendant in error asked the court to withdraw this objectionable evidence and that the court granted the request and instructed the jury to disregard the same.  It must be presumed that the jury obeyed the instruction of the court to disregard the objectionable evidence.

The real question in this case is whether or not there is evidence in the record substantiating the claim of defendant in error as to the extent of her injuries.  We have read carefully her own testimony, the testimony of the physicians who testified in her behalf, as well as evidence of experts offered by the plaintiff in error.  It is undoubtedly true that there is a sharp conflict in the opinion of the medical experts as to the extent of the injuries of the defendant in error.  The jury apparently preferred to believe the medical experts offered in behalf of the defendant in error.  If their version is correct the damages awarded could not be deemed excessive.  In our opinion it is purely the question of the credibility of witnesses which is the sole province of the jury, and we are unable to disturb the verdict upon that ground.

Vickery, PJ., and Sullivan, J., concur.