**STATE, Plaintiff-Appellee, v. STRAIN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4204.   Decided September 22, 1948.

Ralph J. Bartlett, Pros. Atty., William C. Bryant, First Asst. Pros. Atty., Columbus, for plaintiff-appellee.

Henry J. Linton, David M. Postlewaite, Columbus, for defendant-appellant.

**OPINION**

By MILLER, J.

The defendant, Nathaniel Henry Strain, was tried on an indictment charging him with murder in the first degree, that is purposely killing, (1) in the perpetration of burglary of an inhabited dwelling, (2) in the perpetration of robbery, and (3) in the perpetration of rape. A jury trial was had which resulted in a verdict of guilty on all three counts and without a recommendation of mercy.

The record discloses that Alice Lauterbach, the deceased, was a physically deformed lady, being a hunchback, seventy-five years of age; that during the night season her home was burglarized, practically all of her clothes were torn from her body; that she had been raped and that death ensued as a result of mental and physical shock. One of the witnesses called was a Sergeant Curtis of the Columbus Police Department who testified that he had interviewed the defendant at the West Virginia Penitentiary located at Moundsville; that he had made a confession of his participation in the burglary, but denied having ravished her. This statement was taken down in shorthand and later transcribed, but was not signed by the defendant. Sergeant Curtis testified fully concerning these statements, admitting that he had previously refreshed his recollection from his written memorandum. The defense then interposed a motion for an order to the Prosecutor to deliver to defendant's counsel a copy of the transcript which contained all of the alleged confession. This motion was overruled and it is to this ruling that the first assignment of error is directed. In support of their position counsel for the defendant cite §§13444-1 and 11552 GC, and the case of State v. Fox 133 Oh St 154. We have examined the foregoing authorities and are of the opinion that they have no application to the question at bar.

Sec. 11552 GC refers to taking copy of documents **containing evidence**; and also provides on failure to comply with the Court's order the Court may exclude the paper or document if offered in evidence. The case of State v. Fox, supra, refers to a written confession signed by one of the defendants and received as direct evidence by the Court in the trial of the defendant's case along with another co-defendant.

The transcript in question is not a written confession signed by the defendant and is therefore not competent as evidence. Sergeant Curtis in testifying did not use any transcript or any other paper while on the witness stand to refresh his recollection. We recently held in the case of State v. Taylor, No. 4034, that if the witness uses a paper on the witness stand to refresh his recollection, then the defense has a right to inspect it for cross-examination. And, on the other hand, the witness can examine papers outside the court room in order to refresh his recollection and the defense has no right of inspection unless it contains evidence relating to the merits of the action or defense as stated in §11552.

A somewhat similar situation is to be found in the case of **State v. Rhoads, 81 Oh St 397,** the only difference being that the interview was conducted between a witness and the Prosecuting Attorney and in this case it was between the defendant and the Prosecuting Attorney. Syllabus 1 of the Rhoads case is as follows:

"1. Where a person conducts a private interview with one who afterwards is called and examined as a witness before the grand jury, which found an indictment against the defendant concerning some matters disclosed in said interview, which interview was stenographically taken, written out and subsequently delivered to the prosecuting attorney for his use, and on the trial the person interviewed is called, and testified for the state in support of the indictment, it is error for the court, on request of defendant, to order the prosecuting attorney to deliver the transcript of said interview to defendant or his counsel, or to order the prosecuting attorney to allow either of them an inspection of the same."

In the course of the opinion in that case Judge Price in answering the argument that the defendant should be permitted to see the transcript of an interview stenographically taken, at page 425 says:

"The state cannot compel the prisoner at the bar to submit his private papers or memoranda to the state for use or even examination, for he cannot be required to testify in the case, nor to furnish evidence against himself. Then why should the accused be allowed to rummage through the private papers of the prosecuting attorney? Neither the sublime teachings of the Golden Rule to which we have been referred, nor the supposed sense of fair play, can be so perverted as to sanction the demands allowed in this case."

The papers from which Sergeant Curtis refreshed his recollection were not evidence but were merely memoranda obtained for the use of the prosecutor. The Court did not commit error in overruling defendant's motion.

The next assignment of error charges that there was inadvertent misconduct by the Prosecuting Attorney in arguing to the jury, the prejudicial effects of which were not cured by charge of the Court to the jury to disregard same. The record discloses that during the course of his argument to the jury in opposition to a recommendation of mercy the Prosecuting Attorney referred to the defendant being in the penitentiary at Moundsville, West Virginia, seven years after the date of the alleged offense. Objection was promptly made and the Court instructed the Prosecutor not to refer to any convictions, but to state the place where the statement was taken. Mr. Bartlett then said:

"Well, anyhow, there was where they first caught up with him, and they don't get in these penitentiaries if they follow out—

MR. LINTON: Now, Your Honor, I say that is misconduct of counsel.

THE COURT: Well, members of the jury, disregard the statements between counsel."

The fact that the defendant was in the Moundsville State Penitentiary was in the record without any objection, and we do not find that any reference was made to any conviction.

A reviewing Court will not reverse a judgment on the ground of misconduct of counsel unless it clearly appears that such misconduct was prejudicial to the losing party. The latitude allowed counsel is in some measure a matter of discretion with the trial court. We are of the opinion that an examination of the whole record discloses that the trial court did not abuse this discretion to the prejudice of the defendant. The jury was instructed to disregard the remarks of counsel which are complained of, and the jury is presumed to have followed the instructions of the Court. **Cleveland Railway Co. v. Karmasin, 8 Abs 239; 39 O. Jur. p. 1073.** In **State v. Fox, 133 Oh St p. 154,** Judge Zimmerman, in the course of the opinion in that case, says on page 160:

"A presumption always exists that the jury has followed the instructions of the court as to the law."

The third error assigned is that the Court erred by failing to charge the jury as to manslaughter, although requested by counsel for the defendant to do so. Counsel are agreed, it seems, that where in an indictment for murder in the first degree there is no evidence tending to support a charge of manslaughter, it is not error for the Court to refuse to charge on manslaughter. **Bandy v. State, 102 Oh St 384.** The defense is contending, however, that there is evidence in the record tending to support a manslaughter charge, which is denied by the State. The defense claims that no intent to kill is shown in the record, which is an essential element to support the charge of murder in the first degree. Now the record shows that the defendant admitted to Sergeant Curtis his breaking and entering these premises along with two strangers, and the obtaining of some $300.00, but he claimed that the physical violence was asserted by his two associates. Whatever weight may be given to this statement was solely within the province of the jury the same as any other evidence, they may believe that part which charges the prisoner, and reject that which tends to exculpate him. 20 Am. Jur. p. 1081; **12 O. Jur. p. 404.** In **Edinger v. State of Ohio, 12 Oh Ap 362, at page 364,** Shohl, P. J., says:

"After a confession has been declared admissible, it is before the jury for consideration. The jury have no authority to reject it as incompetent. The jury, however, are the sole judges of the truth and of the weight to be given to a confession, as they are to any other fact."

The force and violence used upon the deceased can only be determined from the condition of the body as testified by Dr. Reinhart, who was acting as coroner. He performed the autopsy and testified that the lips and face of the deceased were bruised and blood-stained, a bloody calico rag hung over the left arm, the thighs and pubis were stained with blood, the right thigh and leg were straight and the left leg was slightly flexed. The left forearm and hand were covered with blood, and there was an abrasion or break in the skin of this hand near the knuckle. There was some blood draining from the vagina, and this had been draining for some time because there was a pool of blood on the table, and it had drained into a container beneath the table; there was a V-shaped tear of the posterior wall of the vagina, and smears made by swabbing the vagina, revealed spermatozoa, or germ cells from the male. He also found a hemorrhage in the scalp over the right temporal area.

The Doctor testified that this old lady was raped while still alive; that the cause of death was shock, mental and physical, as manifested by the hemorrhage in the scalp and loss of blood; and asphyxia or strangulation as manifested by ecchymosis and bleeding from the lips and mouth due to trauma in the mouth, or placing the hand over the mouth to stifle outcries.

We think that these uncontroverted facts clearly establish that there was intentional killing. In the case of **Davis v. State, 25 Oh St 369**, it was held in syllabus 3:

"Where the fact of killing is proven, malice is to be presumed, and all the circumstances of justification, excuse, or extenuation must be made out by the accused, unless they appear from the evidence adduced against him."

We find there are no circumstances of justification, excuse or extenuation to be found from the evidence adduced against this defendant. He did not take the witness stand to testify in his own behalf, or offer any evidence tending to reduce the degree of the offense. We are of the opinion that there was no evidence in the record tending to support the charge of manslaughter, and the Court was correct in refusing to charge on this offense.

We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.